MOTION.      *Gore vs. Hedges.*

Case 108.   Error to the Nelson Circuit; PAUL I. BOOKER, Judge.

*Motions against sheriffs. Notice. Mistakes. Dates. Limitation.*

July 2.   Chief Justice BIBB delivered the Opinion of the Court.

Notice to the sheriff of the motion against him for failing to return an execution.

GORE gave notice to Hedges, that he would "on·the fourth day of the next June term of the Nelson circuit court, which term will commence on the fourth Monday in June, 1824, move" for judgment for the amount of an execution in his favor against Dozier, and for the damages of thirty per cent. thereon, which execution is described as bearing teste on the 25th day of February, 1822, returnable on the 20th April, 1822, issued from said court, to the sheriff of Bullitt, which execution, the notice says, came to the hands of George Hedges, the deputy of said Joseph Hedges, late sheriff of Bullitt, to be executed; and the cause of the motion is stated to be "for your failure to return said execution within one month from the return day expressed in said execution, as you were bound to do, according to law. The notice bears date on the 2d of April, 1822, (before the return day of the execution,) but was served, by delivery of a copy, on the fourth day of April, 1824.

The motion was made on Thursday, the first day of July, in the year 1824, being the fourth day of that term, which began in the month of June.

Judgment of the cir court, quashing the notice.

The court quashed the notice, and dismissed the motion with costs, to this Gore prosecutes this writ of error.

Error in the year (1822 for 1824) in the date of a notice given the sheriff of a motion ag'st him, corrected by the statement of the time the court would

The mistake in making the notice bear date in 1822, is corrected by the special description in the body of the notice, that the next June term, alluded to, "will commence on the fourth Monday in June, 1824," and by the service in 1824. These were sufficient to explain to the defendant that the date of the notice at the foot was a *mistake*, and that the next June term was not that of 1822, but that of 1824.

The statute limits the motion in such cases, to two

years after the return day expressed in the execution, counting the limitation from the said return day to the delivery, or other lawful service of notice of the intended motion.   So that the notice was served within the time of limitation.

The statute inflicts the penalty upon the sheriff, by subjecting him to the debt, with thirty per cent. damages, for his neglect, failure or refusal to return the execution according to the command thereof, "for the space of one month *after* the return day thereof;" the notice is, "for failure to return said execution *within* one month *from* the return day expressed in said execution, as you were bound to do according to law." Are the expressions in the notice, as to the failure to return, and those in the statute, equivalent?   In the opinion of the court they are: and this opinion is supported by the cases stated and referred to in Starkie's Ev. (American Ed. and notes,) title, Time, part iv, p. 1399.  Clayton's case, 5 Co. 2; Berwick's case, 5 Co. 94; Howard's case, 2 Salk. 625; Hoths, 2 Salk. 413.

Judgment reversed and cause remanded, with direction to hear the motion.

Plaintiff to recover his costs.

*Denny* for plaintiff.

GORE
vs.
HEDGES.

be held at which the motion would be made, and the notice held sufficient.

Limitation of the notions against sheriffs is computed to the time of the service of notice.

"For the space of one month *after* the return day" and "*within* one month *from* the return day," are equivalent expressions.